IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE L. ROSENBERG,<br>          Plaintiff, | CIVIL ACTION |
| v. | |
| THOMAS JEFFERSON UNIVERSITY HOSPITAL, INC.,<br>          Defendant. | NO. 15-4208 |

### MEMORANDUM OPINION

Plaintiff brings this diversity action against her former employer, Defendant Thomas Jefferson University Hospital, Inc. ("Jefferson"), based on a common law claim of intentional infliction of emotional distress ("IIED"). Plaintiff alleges that Jefferson engaged in a pattern of harassing and embarrassing conduct towards her over several years, leading to her eventual voluntary leave of absence. Before the Court is Jefferson's Motion to Dismiss the Amended Complaint for failure to state a claim. For the reasons that follow, Jefferson's motion is granted. As the Court writes for the parties, familiarity with the underlying factual and procedural history of this matter is assumed.

**I.     STANDARD**

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it falls short of "the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotations and citations omitted).

## II.   DISCUSSION

The Pennsylvania Supreme Court has never explicitly recognized the tort of IIED under Pennsylvania law.  *See e.g., Taylor v. Albert Einstein Med. Ctr.*, 562 Pa. 176 (2000) ("we have never expressly recognized a cause of action for intentional infliction of emotional distress").  The Third Circuit, however, has predicted that the Supreme Court of Pennsylvania would adopt the IIED tort as set forth in Section 46 of the Restatement (Second) of Torts.  *See Williams v. Guzzardi*, 875 F.2d 46, 50-51 (3d Cir. 1989) (discussing *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979)).  To bring an IIED claim, a plaintiff must allege that: (1) the defendant's conduct was "extreme and outrageous;" (2) the defendant acted intentionally or recklessly; and (3) the act caused severe emotional distress.  *Williams*, 875 F.2d at 52.  In Pennsylvania, a plaintiff must also support her claim with competent medical evidence.  *See Kazatsky v. King David Mem'l Park, Inc.*, 515 Pa. 183 (1987).

In the Amended Complaint, Plaintiff alleges that she received a series of reprimands from Jefferson, her former employer, for which Jefferson "repeatedly failed to provide any explanation. . . ."  Amended Complaint ¶ 35.  This course of conduct caused Plaintiff to "suffer emotional distress," and she was "humiliated and embarrassed," but there are no allegations that the distress was severe or that she sought medical treatment as a result.  *Id.* at ¶ 37.  Plaintiff's Amended Complaint is a verbatim recitation of the allegations in the original complaint, which the Court previously found insufficient (ECF No. 19).  Jefferson primarily argues that Plaintiff failed to cure the deficiencies of her original complaint, in that she has not alleged: (1) extreme and outrageous conduct; or (2) severe emotional distress.  Mtn. at 8-10.

It is "extremely rare" in the employment context to find conduct that will rise to the level of outrageousness necessary to provide a basis for recovery for IIED.  *Hoy v. Angelone*, 554 Pa.

134, 152 (1998) (citing *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988)).  The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Kasper v. Cnty. of Bucks*, 514 Fed. Appx. 210, 217 (3d Cir. 2013) (internal citations and quotations omitted).  In Pennsylvania, this action has been found to lie in only a limited number of cases.  *See e.g.*, *Chuy*, 595 F.2d at 1265 (reckless diagnosis of a fatal disease); *Papieves v. Lawrence*, 437 Pa. 373 (1970) (mishandling of a child's corpse); *cf. Hoy*, 554 Pa. at 153 (no cause of action where employee was subjected to "unacceptable" sexual harassment); *Lazor v. Milne*, 346 Pa. Super. 177, 180 (1985) (no cause of action where employee received a "demeaning" reprimand from her employer).  Here Plaintiff only alleges that Jefferson took corrective employment actions that frustrated and confused her, as she believed herself to be a good employee.  Amended Complaint ¶¶ 14-31.  Under prevailing case law, even accepting all facts as true, Plaintiff has failed to allege that Jefferson engaged in extreme and outrageous conduct towards her.

Plaintiff has not alleged any facts regarding the third element of an IIED claim: severe emotional distress.  Plaintiff merely states that she "suffered emotional distress and was repeatedly humiliated and embarrassed."  Amended Complaint ¶ 37.  However, petty slights are insufficient to support an IIED claim; "[m]ajor outrage is essential . . . the mere fact that the actor knows that the other will regard the conduct as insulting or will have [her] feelings hurt is not enough."  *Lazor*, 346 Pa. at 180; *see also Sugarman v. RCA Corp.*, 639 F.Supp. 780, 788 (M.D. Pa. 1985) (no cause of action where employee was falsely charged with theft and "humiliated and embarrassed" in front of other employees).  Plaintiff also failed to support her claim with competent medical evidence, which is required even at the pleading stage.  *See*

*McComb v. Morgan Stanley & Co., Inc.*, 2007 WL 4150786 *8 (W.D. Pa. 2007) (citing *Katzatsky*, 515 Pa. at 197). Having failed to adduce facts to support all three elements of an IIED claim, the Plaintiff's Amended Complaint must be dismissed.

The Court may deny leave to amend where it is apparent from the record that "the amendment would be futile." *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). In addition, the Court "has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in [her] complaint, but chose not to resolve them." *Krantz v. Prudential Invs. Fund Mgmt. LLC,* 305 F.3d 140, 144 (3d Cir. 2002) (citing *Rolo v. City Investing Co. Liquidating Trust,* 155 F.3d 644, 654 (3d Cir. 1998)). Plaintiff was granted an opportunity to correct the deficiencies in her complaint and chose to refile the same allegations verbatim. Because Plaintiff had notice of the defects and failed to offer further allegations, any amendment would be futile and the Amended Complaint shall be dismissed with prejudice. *See U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).

An appropriate Order follows.

                                             **BY THE COURT:**

                                             **/S/WENDY BEETLESTONE,  J.**

                                             _____

                                             **WENDY BEETLESTONE, J.**